IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 05-177 |
| SHAWN POELLNITZ, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# **MEMORANDUM OPINION and ORDER**

In this criminal matter, Defendant pleaded guilty to, inter alia, five counts of bank fraud in violation of 18 U.S.C.§ 1344(1). The Probation Office filed a Second Addendum, recommending that I impose a restitution order relating to certain uncharged conduct. Defendant has filed an objection to that recommendation.

According to 18 U.S.C. § 366A(c)(1), a "victim" entitled to restitution is defined to include the following:

> [A] person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.[1]

---

[1] I accept Defendant's argument that "involves as an element" modifies "a scheme, conspiracy, or pattern of criminal activity." Notably, the Government claims unawareness of any crime involving, as an element, a pattern of criminal activity. RICO, however, is one example of a crime involving such a pattern.

The United States Court of Appeals for the Third Circuit has explained Section 366A(c)(1) as follows:

> In this context, we interpret "direct" to require that the harm to the victim be closely related to the scheme, rather than tangentially linked. Further, we interpret "criminal defendant's conduct [sic] in the course of the scheme, conspiracy or pattern" to mean conduct that is both engaged in the furtherance of the scheme, conspiracy or pattern, and proscribed by the criminal statute the defendant was convicted of violating.

United States v. Kones, 77 F.3d 66, 70 (3d Cir. 1996).

> For example, where a defendant is convicted of defrauding person X and a fraudulent scheme is an element of that conviction, the sentencing court has power to order restitution for the loss to defrauded person Y directly caused by the defendant's criminal conduct, even where the defendant is not convicted of defrauding Y.

Id.

In this case, Defendant pleaded guilty to several counts of bank fraud, in violation of 18 U.S.C. § 1344(1). That section provides, inter alia, that the execution of "a scheme" to defraud a financial institution shall be subject to fine or imprisonment.

Because Defendant's "crime involved as an element a scheme…of criminal conduct, [the court is] not confined to the indicted amounts in ordering restitution; rather, it could properly order restitution for losses caused in the course of [Defendant's] scheme by acts of related, but uncharged conduct." United States v. Hughes, 149 Fed. Appx. 692, 695-96 (9th Cir. 2005).

As a result, uncharged conduct may be subject to restitution, within the

confines identified by statute and our Court of Appeals. Defendant asserts that the victims identified in the disputed portions of the Probation Office's Second Addendum are not victims of the scheme charged in the indictment. The Government contends to the contrary, in that retailers to whom the counterfeit checks were presented were also directly harmed in the course of the scheme. Upon hearing, I will determine the parameters of the appropriate restitution order.

THEREFORE, this **12th day of May, 2006**, it is ORDERED that a hearing in this matter, for proceedings consistent with this Memorandum Opinion, is scheduled for **May 19, 2006 at 2:00 P.M.**, before the undersigned.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose,
Chief U. S. District Judge